**CONTINENTAL BANK & TRUST CO., as Trustee for the Lot Purchasers, and Calwood Leisure Ass'n, Inc., Donald L. Ewens, Harold D. Barnhard, and Maurice Stack, Intervening Plaintiffs,**

v.

**AMERICAN BONDING COMPANY, Defendant and Third-Party Plaintiff,**

v.

**CALWOOD LEISURE ASS'N, INC., Defendant,**

v.

**Richard D. WALKER, John W. Markham, Systems Leisure Properties, Inc., and Camp Leisure Lake, Inc., Defendants.**

**No. 75–1095C(C).**

United States District Court, E. D. Missouri, E. D.

March 18, 1982.

John R. McFarland, St. Louis, Mo., Robert C. Smith, Columbia, Mo., D. Jeff Lance, St. Louis, Mo., for plaintiffs.

Francis L. Kenney, Jr., Francis L. Kenney, III, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on the motion of American Bonding Company for amendment of the judgment and findings of fact entered in this cause on Feb. 25, 1982.

American Bonding requests, *inter alia*, that final adjudication in this matter be delayed until the current status of the lot purchasers is determined. However, the

hearing conducted by this Court on Dec. 2, 1981 pursuant to the mandate by the Eighth Circuit Court of Appeals was restricted to the determination of the amount of damages in this action. The judgment rendered by this Court on Feb. 25, 1982 related solely to the damages issue. It did not purport to address the question of how Continental Bank, as trustee for the lot purchasers, was to dispose of the damage award once received. That question has been addressed by this Court in previous opinions and is not now before it.

Moreover, American Bonding has no standing to demand that this Court require Continental Bank, as trustee, to report on the obligations and amounts to which the lot purchasers are entitled. American Bonding is liable under the bonding agreements to make payments to Continental Bank. After these payments are made in accordance with this Court's judgment, it will have no liability to the cestui que trust if the trust funds are improperly distributed. 90 C.J.S. Trusts, § 265. Hence, it has no legally cognizable interest in seeing that Continental Bank meets its fiduciary duty to the trust beneficiaries.

The other points raised by American Bonding in this motion have been considered by this Court previously and rejected. The Court finding no reason to alter its findings or judgment, American Bonding's motion is hereby denied.